**Steve GOSE and Gose Petroleum Company, Plaintiffs in Error,**

**v.**

**CORPORATION COMMISSION of the State of Oklahoma, and R. S. Littlefield, Defendants in Error.**

**No. 42079.**

Supreme Court of Oklahoma.

Sept. 23, 1969.

Walker & Watson, by Barth P. Walker, Oklahoma City, for plaintiffs in error.

Ralph L. Wampler, Conservation Atty., Oklahoma City, for Corporation Commission of State of Oklahoma.

Don A. Smith, Fort Smith, Ark., for defendants in error, R. S. Littlefield.

BLACKBIRD, Justice.

This appeal concerns proceedings in this State's Corporation Commission to modify its previous Order No. 60,586, pooling the interests of all owners of mineral rights in Section 16, Township 9 North, Range 26 East, LeFlore County, for the production of gas and gas condensate from the Spiro, Cromwell, Red Oak, Simpson and Hunton Lime formations, or sands. Under a previous order of said Commission, this section of land comprises a single 640-acre drilling and spacing unit; and the defendant in error, R. S. Littlefield, has, at all times material to this controversy, owned the oil and gas (or mineral) "working interest" in the minerals under 13 acres of said section.

For clarity and brevity, the defendant in error, Littlefield, will hereinafter be referred to by his surname; both plaintiffs in error will be referred to merely as "Gose"; and the Corporation Commission will be referred to merely as the "Commission".

When Gose filed the application, pursuant to which Order No. 60,586, supra, was thereafter entered on November 9, 1965, regular notice of his application was given to interested parties, but Littlefield did not attend the Commission's hearing thereon.

In said Order No. 60,586, the Commission found, among other things, that Gose *was drilling* a well to obtain production from the above named formations on said 640-acre unit. Also in the Order, the Commission recognized the fact that Gose did not have leases on all of the Unit's acreage, and it therein gave the owners of the outstanding working interests their choice, as a prerequisite to participating in the ⅞ths, or working interest, share of the Gose well's production (if any), of paying their pro rata, or proportionate, part of said well's drilling and completion cost—which it determined would be the sum of $170,000.00—or of accepting compensation (apparently in the nature of lease bonuses) from Gose, at the rate of $25.00 per acre for proportionate shares of such working interest. In the event any such owner of such outstanding interests elected to pay his share of the above mentioned drilling and completion cost, and thereby entitle himself to participate in the well's production, the order required him to make such payment, or furnish "satisfactory evidence" for same, within 10 days of said order's date. The order also prescribed that if such owners did not elect whether to thus participate in that Gose leasehold's working interest, or to sell, or assign, leases on their mineral interests in the Unit to Gose, within said 10-day period, "it should be assumed" that they had elected not to so participate but, instead, to accept the above mentioned bonus compensation; and it fixed 30 days from the order's date as the period within which such bonus price should be paid. The order further provided that, if such payment could not be made, "the applicant (Gose) shall create a fund in which said bonus money shall be held for the use and benefit * * *" of such working interest owners. The order further provided that in the event there was a dispute, after the well's completion, as to whether, or not, it did, in fact, cost the $170,000.00, "The Commission retains jurisdiction of this cause for

the purpose of redetermining such cost; * * *".

After the above described Order No. 60,586, supra, had been in existence a sufficient period as to be regarded "final" (for the purpose of commencing an appeal therefrom) Littlefield, on March 7, 1966, filed in the Commission's proceedings a pleading entitled: "MOTION TO REOPEN AND FOR OTHER RELIEF". In said pleading, Littlefield alleged, in substance (among other facts above related), that, after he received notice of the scheduling of the above mentioned hearing on Gose's pooling application, he was advised "by representatives of the Corporation Commission" that an order would be entered apprising him "of his right to participate or be paid mineral compensation * * *". Littlefield further alleged, in substance, that thereafter, on February 2, 1966, a representative of Gose delivered to him a letter (a copy of which was attached to the motion to reopen) with check or draft attached (which tendered to him the total sum of $302.00 as a bonus consideration for executing attached lease assignment forms), but that this representative withdrew such tender of payment, upon Littlefield's advising him that he desired to participate in the Gose leasehold's working interest, instead of assigning his leases to Gose.

In his motion, Littlefield further alleged, in substance, that he did not receive a copy of the Commission's Order No. 60,586 until February 26, 1966, and this was only after he had written to Corporation Commission representatives specifically requesting same.

In his motion, Littlefield further alleged, among other things, in substance, that he had been at all times ready, willing, and able to participate in the well's production by paying his pro rata share of its drilling and completion cost. By the prayer set forth in his motion, Littlefield asked, in material substance, that the Commission reopen the proceedings to permit him to pay his share of said cost, and that it hear testimony and evidence as to what amount of money his share should be.

Thereafter, by a letter, dated March 7, 1966, addressed to their respective attorneys by the Commission's Assistant Conservation Attorney, Gose and Littlefield were given notice of the scheduling, for April 7, 1966, of a hearing on the latter's above described "MOTION TO REOPEN * * *". When appearances were made on behalf of the parties on that date, and after argument of their counsel, the matter was taken under advisement. Two weeks later, the Commission entered in said cause its Order No. 62,298, from which Gose now appeals to this Court herein. In said Order, the Commission found that Littlefield's "Motion to Reopen should be granted * * *", and ordered it set for further hearing on May 13, 1966.

Briefly and generally stated, Gose's position in his present appeal from the above-quoted Order No. 62,298, is that it was beyond the Commission's jurisdiction to enter such an order, which obviously contemplates a future hearing before it to determine whether it should modify, or amend, its previous Order No. 60,586, supra, in such particulars as to allow Littlefield at some future date (subsequent to the 10-day period prescribed in said Order No. 60,586) to pay the share of the Gose well's drilling and completion cost required, under said order, and to participate in the working interest's, or ⅞ths', share of said well's production, as contemplated therein.

Gose's position is based upon arguments to the effect that the Commission now lacks the power to grant Littlefield the concession his motion so plainly shows he desires, because no appeal was taken from Order No. 60,586, as authorized by Tit. 52, O.S.1961, § 113; that the Commission cannot afford him such relief under the power given it by Section 112 of the cited Title to "repeal, amend, modify, or supplement * * *" any "legislative or administrative order", even if Order No. 60,586 was that kind of an order (which it is not) because proper application therefor was not filed,

and the kind of notice prescribed in Section 97 of the same Title was not given.

Gose further argues, in substance, that by granting Littlefield a hearing on his motion to reopen, the Commission is consenting to entertain a collateral attack on Order No. 60,586, despite the fact that such attacks are forbidden by Section 111 of the same Title.

In other arguments, Gose seeks to show that the order appealed from cannot be upheld, if it is considered a proceeding on the Commission's own motion, because certain of the Commission's rules for such proceedings were not complied with. Gose also argues that said order is unreasonable, arbitrary, discriminatory, and is not supported by substantial evidence.

■ In other arguments under the portion of his brief designated as "Points" "IX" to "XIII", Gose complains that the order deprives him, among other things, of various rights guaranteed to him by the Oklahoma and/or U. S. Constitutions; but we consider these arguments as purely academic and, at this time, premature, since they fail to demonstrate that he has yet been deprived of any right merely by the Commission's scheduling of a hearing on Littlefield's motion.

■ Nor do we think there is substantial merit in Gose's arguments to the effect that the Commission erred in ordering such a hearing, because it has no power to enter a new order that will afford Littlefield the opportunity of paying his pro rata share of the Gose well's cost and receiving a like share of the production attributable to the working interest of his acreage's leasehold. As pointed out in Application Of Bennett, Okl., 353 P.2d 114, 120, Section 112, supra, does not, by express terms, prohibit modification of a Commission oil and/or gas conservation order, that may fall outside both the "Legislative" and "administrative" classifications. We think Order No. 62,-298, supra—the only one herein appealed from—may correctly be regarded as pertaining to the administrative features of Order No. 60,586, supra, in that it schedules a hearing to determine if Littlefield is to be allowed, as part of the administration of the plan of pooling (all such interests as those owned by him) contemplated in said previous Order No. 60,586, to *yet* exercise the option, or make the election, given him (and other owners of such interests) by said Order. We therefore hold that, upon the introduction of sufficient proof of facts warranting the relieving of the Littlefield interest from the time limitations fixed by Order No. 60,586, supra, the Commission may enter a new order amending said previous order in such a way as to protect its owner's correlative rights in the Unit's minerals.

We have thoroughly considered all of Gose's arguments, together with the authorities cited in support thereof, but have found them inapplicable. With reference to the one pertaining to Littlefield's failure to introduce "substantial evidence" of all of the allegations contained in his Motion To Reopen, it is our opinion, as indicated above, that this argument, in view of what has already been said, is premature until the Commission has held the hearing (scheduled, by the Order appealed from, for May 13, 1966), to determine the merits of the alleged, but, as yet, unestablished facts, to which Littlefield's motion pertains.

In accord with the foregoing, the Order appealed from herein is hereby affirmed, with the contemplation that the Commission may now schedule some future date for its hearing on the merits of the ultimate relief contemplated in the Littlefield motion.

DAVISON, WILLIAMS, JACKSON, HODGES and LAVENDER, JJ., concur.

IRWIN, C. J., and McINERNEY, J., dissent.